UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OIL STATES SKAGIT SMATCO, LLC AND OIL STATES INDUSTRIES (THAILAND), LTD. | CIVIL ACTION NO. 09-4508 |
| versus | JUDGE: Helen G. Berrigan |
| TRAVIS P. DUPRE AND DONALD J. BROWN | SECTION "C" (3) |

**ORDER AND REASONS**[1]

Before the Court is Plaintiff's Motion For Relief From Order Pursuant to Federal Rule of Civil Procedure 60(a). (Rec. Doc. 40). Plaintiff argues that the Court has erred in its disposition in the prior Order and Reasons, where the Court held that the "order will become effective in 10 days in order to allow an opportunity for amendment with regard to federal question jurisdiction if appropriate." (Rec. Doc. 39 at 11). More specifically, plaintiff seeks clarification as to whether it may also file a motion to dismiss a nondiverse party under Federal Rule of Civil Procedure 21 in order to establish diversity jurisdiction.[2] (Rec. Doc. 40). Defendants have filed opposition to the motion. (Rec. Doc. 44).

A challenge under Rule 60(a) is unnecessary in this case. Rule 60(a) serves as a remedy to correct "[c]lerical mistakes in judgment . . . arising from oversight or omission." FED. R. CIV. P. 60(a). The mistake "must not be one of judgment or even of misidentification, but merely of

---

[1] Benjamin K. Probber, a second-year student at the University of Pennsylvania Law School, assisted in the preparation of this Order and Reasons.
[2] Diversity jurisdiction is lacking because: plaintiff Oil States Skagit Smatco, LLC is a limited liability company organized and existing under the laws of the state of Delaware, whose sole member is incorporated in the state of Delaware with a principal place of business in the state of Texas; plaintiff Oil States Industries (Thailand), Ltd. is a limited company, organized and existing under the laws of Thailand; defendant Travis P. Dupre ("Dupre") is a citizen of the state of Louisiana; and defendant Donald Brown ("Brown") is a United States citizen domiciled in Thailand.

recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *Dura-Wood Treating Company v. Century Forest Industries, Inc.,* 694 F.2d 112, 114 (5th Cir. 1982). Moreover, it is the court's responsibility to correct errors "that cause the record or judgment to fail to reflect what was intended at the time of trial." *Warner v. Bay St. Louis,* 526 F.2d 1211, 1212 (5th Cir. 1976). Given the narrow scope of Rule 60(a), there were no "mistakes" in the order issued by this Court.

However, that ruling does not preclude the plaintiffs from attempting to dismiss defendant Brown. Should the plaintiffs wish to do so, they need to file an appropriate motion. The Court declines to prematurely address, at this point, whether such a dismissal would be appropriate under the law.

Accordingly,

IT IS ORDERED that the Motion of Plaintiff For Relief From Order Pursuant to Federal Rule of Civil Procedure 60(a) is hereby denied. (Rec. Doc. 40). However, if the plaintiffs wish to dismiss defendant Brown they may move to do so.

New Orleans, Louisiana, this 30th day of June, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE