UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OIL STATES SKAGIT SMATCO, LLC., ET AL.** | **CIVIL ACTION** |
| **VERUS** | **NO. 09-4508** |
| **TRAVIS P. DUPRE, ET AL.** | **SECTION "C" (3)** |

**ORDER AND REASONS**[1]

Before the Court is the Defendant Travis P. Dupre's ("Dupre'") Motion to Dismiss the Complaint for Lack of Jurisdiction Over the Person, or in the Alternative, Motion to Dismiss based on the doctrine of *forum non conveniens*. (Rec. Doc. 57 at 1). Plaintiffs Oil States Skagit SMATCO, LLC ("OSSS") and Oil States Industries (Thailand), Ltd. ("OSIT") oppose this motion. (Rec. Doc. 58 at 1). After a thorough review of the law, the record, the motion, and the memoranda filed in support of and in opposition to the motion, the Defendant's Motion is **DENIED**.

**I. Background**

On July 28, 2009, Plaintiffs filed a Complaint against original Defendants Dupre and Brown (Rec. Doc. 1 at 1-13). Plaintiffs asserted breach of contract and tort claims as well as claims under the Computer Fraud and Abuse Act 18 U.S.C. § 1030 ("CFAA") against Defendants. (Rec. Doc. 1 at 7-13; Rec. Doc. 18 at 1). Plaintiffs alleged that Defendants Dupre and Donald J. Brown ("Brown") were hired to help run the OSIT Thailand office, which was a division of OSSS

---

[1] Natalie LaBorde, a third year law student at Louisiana State University Law Center, contributed significantly to the research and preparation of this decision.

1

incorporated under the laws of Thailand. *Id.* at 2. Dupre and Brown were given access to sensitive proprietary information concerning Plaintiffs' processes and technologies in order to further OSIT's business interests. *Id.* Defendants each signed a Confidentiality and Nondisclosure Agreement that they allegedly breached when Dupre began secretly working for a competitor of OSIT, Thunder Oilfield Services (Thailand), Ltd. ("Thunder Oilfield"), and when both Dupre and Brown developed a scheme to divert a prospective contract from OSIT to Thunder Oilfield. *Id.* at 4. OSIT later discovered that Dupre had taken copies of files with him when he left the company, in violation of the Confidentiality Agreement and corporate policy. (Rec. Doc. 36 at 2-3). Plaintiffs allege that Dupre, with the assistance of Brown, used the proprietary information to benefit Thunder Oilfield, to induce OSIT employees to join Thunder Oilfield, and to induce OSIT customers to divert their business away from OSIT to Thunder Oilfield. *Id.* at 3-4. Plaintiffs seek damages from Defendants for the economic loss and damages caused by their actions. *Id.* at 4.

On November 19, 2009, Dupre and Brown filed a Motion to Dismiss pursuant Rule 12(b)(2) for Lack of Jurisdiction Over the Person, and 12(b)(3) for Improper Venue, or in the Alternative, Motion to Dismiss based on the doctrine of forum *non conveniens*. (Rec. Doc. 9 at 1). On February 22, 2010, Plaintiffs filed their First Amended Complaint in order to assert federal question jurisdiction based on 18 U.S.C. § 1030. (Rec. Doc. 18 at 1). On March 14, 2010, Dupre and Brown filed a second Motion to Dismiss for Lack of Jurisdiction pursuant to Rules 12(b)(1) and 12(b)(2) of the Federal Rules of Civil Procedure, and Motion to Dismiss the Claim under the CFFA pursuant to rule 12(b)(6), or, in the Alternative, Motion to Dismiss based on the doctrine of *forum non conveniens*. (Rec. Doc. 26 at 1). On April 30, 2010, Plaintiffs filed a Second Amended Complaint to restate their claims under 28 U.S.C. § 1331. (Rec. Doc 36 at 1).

On June 21, 2010, this Court ruled on Defendants Dupre and Brown's Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. (Rec. Doc. 39 at 1). The Court found that Plaintiffs failed to state a valid claim under the CFAA because they had not clearly established that they had suffered "losses" as defined by § 1030(e)(11) that reach the $5,000 jurisdictional threshold of § 1030(c)(4)(A)(i)(I) and they had not alleged that the Defendants' conduct was intentional. (Rec. Doc. 39 at 6). Thus, their failure to state a claim deprived the Court of federal question jurisdiction under 28 U.S.C. § 1331. *Id.*

Furthermore, the Court found that Brown is a domiciliary of Thailand, and reasoned that because Brown and Oil States Thailand are both domiciled in Thailand, there was no complete diversity between the adverse parties. (Rec. Doc. 39 at 6). Citing *Coury v. Prot,* 85 F. 3d 244 (5th Cir. 1996), the Court further held that Brown, a U.S. citizen domiciled abroad, could not be sued in federal court on the basis of diversity jurisdiction. (Rec. Doc. 39 at 10). Thus, the Court granted Defendants' Motion to Dismiss, but dismissed *without prejudice* their Motion to Dismiss as it pertained to personal jurisdiction and *forum non conveniens*. (Rec. Doc. 39 at 11).

On July 14, 2010, Plaintiffs filed an Amended and Restated Complaint, in which Plaintiffs dismissed all of their claims against Donald J. Brown as well as their claim against Travis P. Dupre under the Computer Fraud and Abuse Act. (Rec. Doc. 50 at 1). The Plaintiffs' remaining claims against Dupre are: (1) breach of contract, (2) tortious interference with business and employment relations, (3) unfair trade practices, (4) unlawful appropriation of trade secrets, (5) breach of duties of loyalty and good faith in fair dealing, (6) fraud, (7) defamation, (8) conversion, and (9) declaratory judgement. (Rec. Doc 50 at 7-12).

In the present Motion to Dismiss, Defendant Dupre adopts and realleges all arguments

3

contained in the previous two memoranda in support as if copied herein *in extenso*. (Rec. Doc. 57-1 at 2; Rec. Doc. 9-1 at 7). Plaintiffs reurge all of the arguments set forth in their opposition to Dupre and Brown's original Motion to Dismiss as they pertain to Dupre. (Rec. Doc. 9 at 1). Specifically, Plaintiffs reurge their arguments that this court has personal jurisdiction over Dupre because: (1) he is a domiciliary of Louisiana, or in the alternative, Dupre had and continues to have, "minimum contacts" with Louisiana due to his extensive and continuous activity with the state, and (2) this matter should not be transferred to Thailand under the Doctrine of *forum non conveniens* because this forum is proper and necessary and Dupre has failed to meet his burden of proof to the contrary. *See, e.g.*, *Gulf Oil Corp. V. Glibert*, 330 U.S. 501, 504 (1947); *Piper Aircraft Co.*, 454 U.S 255, 255-260 (1981); *In re Air Crash Disaster Near New Orleans, La.,* 821 F.2d 1147, 1164 (5th Cir. 1987).

## II. Law and Analysis

### A). In Personam Jurisdiction Based on Domicile

Defendant Dupre alleges that he is a domiciliary of Thailand and therefore this Court lacks personal jurisdiction over him. (Rec. Doc. 9-2 at 2).

*In personam* jurisdiction is the power of a court to adjudicate the personal legal rights of parties properly brought before it. A person domiciled in a certain state is automatically subject to *in personam* jurisdiction of that state. *Milliken v. Meyer*, 312 U.S. 457 (1940). Furthermore, in *Milliken* the Supreme Court upheld the validity of personal jurisdiction based on domicile even though the defendant was absent from the state. *Id.*

A person's domicile is established in the state in which they are born or naturalized, and persists until a new one is acquired or the old one is clearly abandoned. *Mas v. Perry,* 489 F.2d

1396, 1398 (5th Cir. 1974), *cert. denied,* 419 U.S. 842 (1974). Courts faced with making a jurisdictional assessment are not limited to the pleadings, but may instead look to any record, evidence, or affidavits concerning the citizenship of the parties. *Coury v. Prott,* 85 F.3d at 249.

In *Coury v. Prot,* the Fifth Circuit provided the proper analysis that district courts should undergo for a "domicile" inquiry:

> In determining a litigant's domicile, the court must address a variety of factors. No single factor is determinative. The court should look to all evidence shedding light on the litigant's intention to establish domicile. The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family.

*Coury,* 85 F.3d at 251. A litigant's statement of intent, although relevant, is accorded little weight if it conflicts with the objective facts. *Id.* (citing *Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553, 556 (5th Cir. 1985)). Furthermore, with regards to changes in domicile, the Court held in *Seafoam, Inc. v. Barrier Systems, Inc.,* that citizenship of a party at the time of commencement of the action is controlling in determining diversity jurisdiction and that subsequent changes in domicile do not divest the Court of jurisdiction. 830 F.2d 62, 63 (5th Cir. 1987). It is reasonable to assume that the same reasoning applies when determining citizenship for the purposes of *in personam* jurisdiction.

In this case, Dupre claims that he currently owns no property in Louisiana, that he rents a home in Thailand[2], and that he considers his domicile to be that of Thailand since he plans to remain there indefinitely. (Rec. Doc. 19-2 at 2). Plaintiffs urge that Dupre should be considered a

---

[2] Dupre alleges that he rents a home instead of owns because the "Thailand government does not allow foreigners to own property." (Rec. Doc. 19-2 at 2). Defendants' memorandum states that Dupre owned his home instead of rented, but the Court will assume that Dupre's own affidavit is the accurate statement. (Rec. Doc. 9-2 at 12).

domiciliary of Louisiana since he was born in Louisiana, he has never sought to become a permanent resident of Thailand, he is working in Thailand under a temporary work permit, he obtained reissuance of his Louisiana driver's license, he maintains a bank account in Louisiana where his payroll checks are deposited, and he maintains both a motorcycle and a pickup truck in Louisiana. (Rec. Doc. 21-2 at 8-9). Furthermore, Dupre stated in a divorce proceeding with his former wife in a Louisiana state court that he "is attempting to make plans to move back to the United States," which contradicts his own statement of intent in his affidavit. (Rec. Doc. 21-2 at 10).

In its June 21, 2010 ruling, the Court found that Dupre is a domiciliary of Louisiana for the purposes of diversity jurisdiction. (Rec. Doc. 39 at 10). The Court stated that "Dupre's continued maintenance of personal property and bank accounts in Louisiana, coupled with his prior statement claiming an intention to move back to the United States, suggests that he does not have the requisite intent to establish his domicile in Thailand." (Rec. Doc. 39 at 10).

On September 13, 2010, Dupre submitted an additional affidavit following the Court's ruling on June 21, 2010 in which he stated that (1) he is currently taking Thai courses to learn the language (2) he intends to become a permanent resident of Thailand, (3) the imminent expiration of his Louisiana Drivers License on August 30, 2010 and his tentative plans not to renew it, (4) current plans to pursue a Thai Driver's license, and (4) that he has since sold both his motorcycle and pick-up truck and owns no other property within Louisiana. (Rec. Doc. 63-1 at 2). Dupre also stated that his previous statements regarding his intention to return to Louisiana pertained to a custody dispute involving his oldest minor son and hinged solely on the condition that he must return back to Louisiana in order to obtain custody over his minor son. (Rec. Doc. 63-1 at 2). However, since the court awarded Dupre custody of his oldest minor son, who now lives in Thailand with Dupre and

6

also attends an international high school in Thailand full time, Dupre states he does not intend to return to Louisiana. (Rec. Doc. 63-1 at 2).

While Dupre does present evidence that indicates that a change in domicile may have occurred subsequent to the time the action commenced, his maintenance of personal property in Louisiana at the time that the action commenced, previously renewed Louisiana drivers licence, and current bank accounts in Louisiana, all suggest that he did not have the requisite intent to establish his domicile in Thailand at the time the action commenced. Thus, because Dupre has not demonstrated that he clearly abandoned his old domicile in Louisiana at the time the complaint was filed, we hold that Dupre, for the purposes of *in personam* jurisdiction, was domiciled in Louisiana at the time the complaint was filed.

### B. Personal Jurisdiction Based on Continuous and Systematic Contact with the Forum.

Because this Court finds that Dupre is a domiciliary of Louisiana for purposes of *in personam* jurisdiction, no further discussion is needed regarding whether or not Dupre's contacts with the forum were continuous and systematic.

### C. Doctrine of *Forum Non Conveniens*

Defendant Dupre argues, in the alternative, that if this Court should decide that it has personal jurisdiction over him, this case should be dismissed under the doctrine of *forum non conveniens*. (Rec. Doc 57 at 1). However, Plaintiffs argue that this Court should not dismiss the Complaint on the basis of *forum non conveniens* because Defendant does not meet the burden proof required to show that Louisiana is a burdensome and inconvenient forum. (Rec. Doc. 24 at 28).

The doctrine of *forum non conveniens* rests upon a court's inherent power to control the parties and cases before it and to prevent its process from becoming an instrument of abuse or injustice. Through this power a federal trial court may decline to exercise its jurisdiction, even though the court has jurisdiction and venue, where it appears that the convenience of the parties and the court and the interests of justice indicate that the action should be tried in another forum. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 250 (1981); *Koster v. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 530 (1947); *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 507 (1947).

A district court has the discretion to dismiss the case on *forum non conviens* grounds where defendants have made a clear showing of facts which "establish such oppression and vexation of a defendant...out of all proportion to the plaintiffs convenience." *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947). Additionally, when determining whether to apply the doctrine of *forum non conveniens*, the plaintiff's initial choice of forum is given deference. *Id*. Furthermore, dismissal for *forum non conveniens* is an exceptional tool that is employed sparingly. *Canales Martinez v. Dow Chem. Co.*, 219 F. Supp 2d 719, 724 (E.D. La. 2002).

A defendant moving to dismiss on grounds of *forum non conveniens* must first establish that an available and adequate alternative forum exists and then must also establish that private and public interests weigh heavily in favor of the alternative forum. *In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147, 1164 (5th Cir. 1987). Public interest factors are only evaluated when the private interest factors do not weigh in favor of dismissal. *Id.*

### 1. Available and Adequate Forum for this Lawsuit

In determining whether to dismiss on *forum non conveniens* grounds, the district court must

first decide whether an available and adequate alternative forum exists. *Air Crash*, 821 F.2d at 1164. A foreign forum is only "available" when the entire case and all parties can come within the jurisdiction of that forum. *Air Crash*, 821 F.2d at 1165. A foreign forum is "adequate" when the parties will not be deprived of remedies or treated unfairly. *Id.*

In the present case, Thailand is the alternative forum requested by Dupre. Under Thai commercial law there is a one-year prescriptive period for an action seeking damages for a wrongful act. (Thai. Civ. Code. Sec 448). The one-year period begins to run from the date of discovery of the wrongful act. (Thai. Civ. Code. Sec 448(a)). Plaintiff Oil States Houma, which is not a party to the current legal actions in Thailand, would be barred from bringing a similar action in Thailand because the one-year prescriptive period has run.[3] So, Oil States Houma (a party here) would not have an *available* forum in Thailand for its claims.

Because the foreign forum is not an available alternative forum for both Plaintiffs, no further discussion is needed regarding the adequacy of the Thai forum.

**2. Private and Public Factors**

In *Piper Aircraft Co. v. Reyno*, the Supreme Court emphasized that prior to balancing the public and private interests enunciated in *Gulf Oil*, a court must first decide whether another adequate forum is available and adequate to hear the case. 454 U.S. 235, 254 n. 22; *see also Syndicate 420 At Lloyd's London v. Early American Insurance Co.*, 796 F.2d 821, 828 (5th Cir.1986). *See generally* 15 Wright, Miller & Cooper, *Federal Practice & Procedure* § 3828 (2d ed. 1986) (dismissal predicated on *forum non conveniens* requires that all parties be amenable in

---

[3] Only Oil States Thailand is a party to the actions pending in Thailand.

alternative forum).

In this case, the requested alternative forum is not available to all of the parties, therefore no analyses of the private and public interest factors is needed.

Thus, for the reasons set forth above, this Court refuses to dismiss this lawsuit on the basis of *forum non conveniens.*

### III. Conclusion

Accordingly, for the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **DENIED**. (Rec. Doc. 57).

New Orleans, Louisiana, this 30th day of November, 2010.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**